On November 22, 1996, appellant, Ronald Ryan, and appellee, Beverly Ryan, were divorced. Appellant was ordered to pay spousal support in the amount of $1,500 per month.
On April 17, 1998, appellant filed a motion to decrease spousal support, set a termination date for spousal support payments, recalculate spousal support arrearages and eliminate automatic increases in his spousal support obligation.
On May 12, 19998, appellee filed a motion to dismiss appellant's motion and to increase spousal support. Appellee also sought attorney's fees and an order of contempt against appellant for appellant's failure to notify the Licking County Child Support Enforcement Agency (hereinafter "LCCSEA") of a twenty percent increase in his income as required by the divorce decree.
A hearing before a magistrate was held on June 19, 1998. By decision filed June 25, 1998, the magistrate denied appellant's motion for a decrease, denied appellant's request for a termination date, denied appellant's motion to recalculate arrearages, denied appellant's request to eliminate automatic increases, granted appellee's motion to dismiss appellant's motion, denied appellee's motion for an increase, awarded appellee $400 in attorney's fees and found appellant guilty of contempt. The magistrate sentenced appellant to three days in jail and imposed a $150 fine, suspended on the condition appellant pay appellee the $400 and court costs by July 25, 1998.
On July 8, 1998, appellant filed objections to the magistrate's decision. By opinion filed July 22, 1998 and judgment entry filed August 14, 1998, the trial court approved and adopted the magistrate's decision but increased appellant's spousal support obligation by $280 per month and increased appellant's arrearage payment by $300 per month.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE MAGISTRATE AND JUDGE USED THE WRONG STANDARD OF EVIDENCE FOR FINDING APPELLANT IN CONTEMPT.
II
 THE FAILURE OF THE MAGISTRATE OR THE COURT TO SET A TIME LIMIT FOR SPOUSAL SUPPORT IS AN ABUSE OF DISCRETION.
III
 THE COURT ERRED WHEN IT INCREASED RATHER THAN DECREASED THE SPOUSAL SUPPORT OBLIGATIONS OF THE DEFENDANT.[1]
 I
Appellant claims the trial court erred in finding him in contempt. Appellant claims the magistrate used the inappropriate standard and the finding was against the manifest weight of the evidence. We disagree.
Appellant claims in its June 25, 1998 decision at paragraph F, the magistrate used the inappropriate burden of proof and incorrectly characterized the contempt as civil contempt:
 The standard of proof in a civil contempt proceeding is that of clear and convincing evidence. The Magistrate finds from the overall evidence that the truth of this allegation has been proven by this standard.
 The Magistrate finds the defendant's efforts to comply, while belated, are to be considered as evidence in the nature of mitigation.
 A contempt finding shall be entered. The defendant shall be fined $150.00 and sentenced to three days incarceration. This fine and sentence shall be suspended on the condition that the defendant reimburse the plaintiff $400.00 of her legal fees within thirty days from the filing of the entry journalizing this Decision and that he pay the court costs of this matter within the same time period, and, further, that he faithfully comply with the Court's order requiring him to provide this information to the Licking County Child Support Enforcement Agency by delivering the required information to the Agency on or before April 22 of each year until the subject provision is modified so as not to require the production of this information.
As Justice Paul Brown stated in Brown v. Executive 200
(1980), 640 Ohio St.2d 250, 253-254, the determining factor between civil and criminal contempt is the purpose behind the sanction:
 While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment. Gompers, supra; Kilbane, supra.
Punishment is remedial or coercive and for the benefit of the complainant in civil contempt. Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket, In re Nevitt (C.A. 8, 1902), 117 F. 448, 461, since he will be freed if he agrees to do as ordered. Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence. Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court. See, generally, Gompers, supra; Bd. of Edn. v. Brunswick Edn. Assn. (1980), 61 Ohio St.2d 290; State v. Local Union 5760 (1961), 172 Ohio St. 75, at 82-83. Therefore, to determine if the sanctions in the instant cause were criminal or civil in nature, it is necessary to determine the purpose behind each sanction: was it to coerce the appellees to obey the consent judgment decree, or was it to punish them for past violations?
Upon review, we find the magistrate's decision to be consistent with the definition of civil contempt. With the suspended jail sentence, appellant has the "keys of his prison in his own pocket."
Appellant claims the decision was against the manifest weight of the evidence. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v.Foley Construction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson (1993), 66 Ohio St.3d 610.
In the November 22, 1996 divorce decree at paragraph 10, the trial court ordered as to spousal support the following:
 The Court shall retain jurisdiction over the issue of spousal support. The defendant shall provide the Child Support Enforcement Agency with copies of all W-2's and 1099's to determine a re-adjustment to this award with any increases in defendant's income of 20 percent or more being sufficient circumstances to warrant modification.
In her May 12, 1998 motion for contempt, appellee set forth the following allegations:
 5. Contempt: Plaintiff believes that Defendant's total income (including benefits) now exceeds the 20% income increase, and that Defendant has failed to provide CSEA with that information so that spousal support could have been recalculated as required in the decree (Decree, Page 5-6). If indeed this is so, Defendant is in contempt of this court's order, and should be punished accordingly. Plaintiff should be granted her attorney fees and court costs if Defendant is found to be in contempt.
This motion does not specify what year appellant violated the orders of the divorce decree. Appellant argues on May 27, 1998 he had notified LCCSEA of his change in address and enclosed a copy of his 1997 W-2 (Defendant's Exhibit H). Although appellant provided notice of his 1997 W-2, albeit after appellee's motion for contempt had been filed, appellant never provided notice of his 1996 W-2 in 1997. The trial court's docket substantiates appellee's contention appellant failed to provide notice of an increase or decrease in income in 1997.
Appellant also disputes he failed to inform LCCSEA until May 27, 1998. Appellant claims he notified LCCSEA of his change of address and sent his 1997 W-2 on April 22, 1998. T. at 19. Given the evidence presented at the hearing, we find appellant did not notify LCCSEA in 1997 or 1998 of any increase in his income until after appellee's motion for contempt had been filed on May 12, 1998. We conclude the finding of contempt was not against the manifest weight of the evidence.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in not setting a termination date for spousal support. We disagree.
The original spousal support order was entered on November 22, 1996 and no appeal was taken of this order. We find the argument as to termination of spousal support which was clearly an order from the original decree to be untimely. Further, the transcript of the original divorce trial was not prepared for our review. When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court's proceedings and affirm.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197.
Assignment of Error II is denied.
 III
Appellant claims the trial court erred in increasing his spousal support obligation. We disagree.
Appellant argues the trial court, by using his 1998 income figures, prospectively determined his income before the year was over (hearing was held on June 18, 1998). Appellant's 1997 W-2 indicated an income from Mid Ohio Packaging Co. of $84,807.80 (Defendant's Exhibit B). Defendant's Exhibit D establishes appellant's income from January 1, 1998 to May 23, 1998 was $37,951.57. Appellant's gross income for 1997 was $111,055, with net income of $89,292. (Defendant's Exhibit E). The magistrate found appellant reasonably anticipated his 1998 income to be $91,000. T. at 24-25. Given appellant's own testimony as to his prospective income, we do not find the trial court erred in accepting appellant's own estimate.
Appellant also argues the divorce decree did not establish what his income was at the time of the divorce. Without such a number, appellant claims the trial court was unable to determine if there was a twenty percent increase in his income. In the November 22, 1996 divorce decree at paragraph 10, the trial court stated as follows:
 The Court notes that the defendant has incurred a salary reduction from an income over $150,000.00 to $75,000.00 per year. The reduction is the result of his termination with BOX USA and his subsequent re-employment with Mid Ohio Packaging Company (MOPAC). The Court heard evidence at the supplemental evidentiary hearing that the defendant's income reduction would be effective October 25, 1996.
We find this cited language to be a specific finding that appellant's income at the time of the divorce was $75,000. An income of $91,000 would be over a twenty percent increase.
Appellant also argues the trial court did not base its decision on any of the factors enumerated in R.C. 3105.08. As previously noted, the original spousal support order was not appealed. In its July 22, 1998 opinion, the trial court made the following specific finding:
 The Court reminds the parties that during the marriage, the parties enjoyed a joint income of around $150,000.00. As noted earlier, one of the factors in determining if spousal support is reasonable and appropriate is the standard of living of the parties during the marriage.
 Contemporaneously with the divorce, both parties' standard of living was appreciably affected by defendant's loss of income. With the filing of the decree, the plaintiff had an income of approximately $35,000.00 and the defendant had an income of approximately $57,000.00. both parties had to adjust their standards of living accordingly. However, this Court determined that it would be unfair if the defendant was able to regain, in a relatively short period if time, a significantly higher income to enjoy a standard of living while the plaintiff was related to a status quo with the exception of relying upon her new employment for any increase in financial status.
In addition, the testimony at the June 18, 1998 hearing established appellee's need for spousal support and appellant's increase in lifestyle i.e. purchase of a new home for $140,000.
Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is hereby affirmed.
By Farmer, J., Gwin, P.J. and Hoffman, J. concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is affirmed.
--------------------
--------------------
 -------------------- JUDGES
[1] We note although the assignments of error challenge the magistrate's decision, this court only reviews final judgments by trial courts. See, Section 3(B)(2), Article IV, Ohio Constitution. We will review the magistrate's decision insofar as approved and adopted by the trial court.